# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

HENRY SMITH, :
:
      Plaintiff :
:
VS. :
:
Sergeant CHARLIE HARRELL, *et al.*, : NO. 5:11-CV-10 (HL)
:
      Defendants :
: **O R D E R**

Before the Court is plaintiff **HENRY SMITH'S** "Complaint" filed pursuant to 18 U.S.C. § 242. Section 242 is a criminal statute, and plaintiff appears to be attempting to initiate criminal actions against several employees of Wilcox State Prison, because they "deprived [plaintiff] of $35.95 of personal property without justification."

Authority to initiate criminal complaints rests exclusively with state and federal prosecutors. Thus, private parties have no right to file criminal complaints under 18 U.S.C. § 242. ***See e.g., Crosby v. Catret***, 308 Fed. Appx. 453 (D.C. Cir. Jan. 6, 2009); ***Cok v. Cosentino***, 876 F.2d 1, 2 (1st Cir.1989). Plaintiff's complaint alleging violations of criminal laws must be dismissed.

The Court could construe plaintiff's complaint as filed under the appropriate statute, 42 U.S.C. § 1983. ***See O'Berry v. State Attorneys Office***, 241 Fed. Appx. 654, 657-58 (11th Cir. July 23, 2007). Even if the Court did so, however, plaintiff's lawsuit would remain subject to dismissal because neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available. ***Hudson v. Palmer***, 468

U.S. 517, 533 (1984); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. *See* O.C.G.A. § 51-10-1; *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Plaintiff should seek redress against the defendants in the state courts pursuant to this Georgia statute.

In light of the above, it is hereby **ORDERED** that plaintiff's "Complaint" be **DISMISSED**.

**SO ORDERED**, this 20th day of January, 2011.

/s/ Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr